SO ORDERED: April 29, 2009.



James K. Coachys
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SILAS D. RICHARDSON and | ) | Case No. 07-07331-JKC-7A |
| MARY JANE RICHARDSON, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| RICHARD E. BOSTON, as the Chapter 7 | ) | |
| Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 08-50254 |
| | ) | |
| THE HUNTINGTON NATIONAL BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON CROSS MOTIONS FOR SUMMARY JUDGMENT**

This matter comes before the Court on Plaintiff, Richard E. Boston's (the "Trustee") Motion for Summary Judgment on his Complaint to Avoid Mortgage Lien Pursuant to 11 U.S.C. § 544(a)(3) (the "Complaint") against Defendant the Huntington National Bank (the "Bank") and the Bank's

Cross-Motion for Summary Judgment against the Trustee. Having reviewed the parties respective motions, briefs and supporting materials, the Court issues the following Findings of Facts and Conclusions of Law.

### Findings of Fact

The facts in this case are not in dispute and are as follows:

1. On or about August 3, 2007, Debtors Silas D. Richardson and Mary Jane Richardson ("Debtors") filed a bankruptcy petition under Chapter 7 of the Code.

2. As of the petition date, Debtors were the sole owners of a parcel of residential real estate located at 25171 Chapel Road, Laurel, Indiana.

3. On or about August 25, 2003, Debtors executed a mortgage (the "Mortgage") in favor of the Bank in the principal amount of $70,817.00.

4. The Mortgage was recorded on September 2, 2003, as Instrument No. 2003005789 with the Recorder of Franklin County, Indiana.

5. The acknowledgement appearing on the Mortgage states only that Silas D. Richardson appeared before the notary public to acknowledge the execution of the Mortgage. The acknowledgement does not reflect that Mary Jane Richardson appeared before the notary public.

### Conclusions of Law

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

2. Under Federal Rule of Civil Procedure 56(c), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

2

affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With a motion for summary judgment, the burden rests on the moving party to demonstrate "that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325. After the moving party demonstrates the absence of a genuine issue for trial, the responsibility shifts to the non-movant to "go beyond the pleadings" to cite evidence of a genuine factual dispute precluding summary judgment. *Id.* at 322-23. If the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in its favor on a material question, then the court must enter summary judgment against it. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir.1994) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986)).

3.      Indiana Code § 32-32-2-3 states that a mortgage is eligible to be recorded if it is "acknowledged by the grantor or (2) proved before a (A) judge . . . [or] a notary public." The Trustee contends that the Bank's mortgage was not properly acknowledged and did not provide constructive notice of the Bank's interest to a bona fide purchaser. He, therefore, argues that the mortgage may be avoided pursuant to 11 U.S.C. § 544(a)(3).[1]

4.      At the time the Mortgage in this case was recorded, both Indiana state law and

---

[1] Code § 544(a)(3) provides:
(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is avoidable by–
(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists [and has perfected such transfer].

3

relevant federal bankruptcy law clearly provided that the recording of a defective mortgage does not provide constructive notice to a bona fide purchaser for purposes of Code § 544(a)(3). *See In re Stubbs,* 330 B.R. 717 (Bankr.N.D.Ind.2005), aff'd WL 2361814 (N.D.Ind.2006).

5.  However, effective July 1, 2007, i.e., *prior* to the petition date in this case, Indiana Code § 32-21-4-1 was amended to add the following:

> (c) This subjection applies only to a mortgage. If:
> (1) an instrument referred to in subsection (a) is recorded; and
> (2) the instrument does not comply with the:
>     (A) requirements of:
>         (I) IC 32-21-2-3; or
>         (ii) IC 32-21-2-7; or
>     (B) technical requirements of IC 36-2-11-16(c); the instrument is validly recorded and provides constructive notice of the contents of the instrument as of the date of filing.

(the "2007 Amendment").

6.  Indiana Code § 32-21-4-1 was further amended in 2008 by the addition of the following language to sub-paragraph (c): "This subsection applies regardless of when a mortgage was recorded." (the "2008 Amendment"). The 2008 Amendment became effective July 1, 2008, i.e., *after* the filing date of Debtors' petition.

7.  The dispositive issue, here, is whether the 2007 Amendment applies retroactively, that is, to mortgages executed and recorded prior to the Amendment's effective date.

8.  Two judges for the Bankruptcy Court for the Northern District of Indiana have recently rejected requests to apply the 2007 Amendment retroactively. *Yoon v. National City Mortgage Co. (In re Hershman)*, ---B.R---, 2009 WL 877700 (Bankr.N.D.Ind.2009) and *Miller v. LaSalle Bank, N.A. (In re Gysin)*, Case No. 07-32739 (Bankr.N.D.Ind.) (March 24, 2009). The Court will review each decision in turn.

9. In *Gysin*, the Honorable Harry C. Dees found paragraph (c)(1) of the 2007 Amendment to be ambiguous in that it "gives no clear indication whether it was to apply to mortgages executed or recorded prior to July 1, 2007." *Gysin* at 7. In resolving that ambiguity, Judge Dees explained:

> The phrase "an instrument referred to in subsection (a)" makes reference to the initial mandate in paragraph (a) requiring that a mortgage "must be recorded in the recorder's office of the county where the land is situated." Subsection (c)(1) thus starts with the present command–the mortgage must be recorded in the proper location–and then further requires that the mortgage <u>is recorded</u>. The legislature did not write descriptively that the mortgage "is a recorded instrument," but rather wrote the present active verb "is recorded." In the court's view, the natural interpretation of this language is that the mortgage of paragraph (c)(1) must be recorded in the right location and at the present time–that is, it is recorded on or after July 1, 2007. Subsection (c)(2) then adds that, even if that mortgage does not comply with other requirements listed in the three mentioned statutes, it will be treated as a validly recorded instrument which provides constructive notice. This construction gives the words their plain and ordinary meaning. It gives effect to the statute as written without unduly restricting or expanding the scope of the statute beyond the meanings of the words themselves.

*Id*. at 7-8 (underline in the original).

10. Judge Dees then rejected the mortgagee's argument that the Indiana legislature passed the 2008 Amendment "'to make its intention even more clear'" and that the 2008 Amendment was "'intended to cure a defect or mischief that existed in a prior statute.'" *Id.* at 8-9 (citing to the record). Instead, Judge Dees concluded "that the legislature's statutory changes inure to the benefit of mortgage lenders and their closing agents, who have failed to uphold the long-standing recording requirements demanding compliance with the formalities of execution before a document is eligible for recordation." *Id*. at 8-9.

11. Citing to the general rule in Indiana "that unless there are strong and compelling reasons, statutes will not be applied retroactively, Judge Dees found no strong and compelling

reason "for giving the 2008 amended provisions retroactive application." *Id.* at 9 (quoting *In re Estate of Powers*, 849 N.E.2d 1212, 1217 (Ind.Ct.App.2006). "Nothing in the amendment suggests that the change was intended to apply retroactively, and [the bank] has not proven that the legislature unambiguously or unequivocally intended it." *Id.* (citations omitted)

12. Based on the foregoing, the *Gysin* court avoided the mortgage in question pursuant to § 544(a), in favor of the Chapter 7 trustee. *Id.*

13. In *Hershman*, the Honorable Philip Klingeberger reached the same result, although with a somewhat different analysis. The court began its discussion with a fairly extensive review of Indiana case law, quoting first from the Indiana Supreme Court's decision in *Martin v. State of Indiana*:

> "The general rule is that unless there are strong and compelling reasons, statutes will normally be applied prospectively. *Metro Holding Co. v. Mitchell*, 589 N.E.2d 217, 219 (Ind.1992). An exception to this general rule exists for remedial statutes, which are statutes intended to cure a defect or mischief that existed in a prior statute. *Bryarly v. State*, 232 Ind. 47, 111 N.E.2d 277, 278-79 (1953); *Ind. Dep't of State Revenue v. Estate of Riggs*, 735 N.E.2d 340, 344 (Ind.Tax Ct.2000). When a remedial statute is involved, a court must construe it to "effect the evident purpose for which it was enacted[.]" *Conn. Mut. Life Ins. Co. v. Talbot*, 113 Ind. 373, 14 N.E. 586, 589 (1887). Accordingly, remedial statutes will be applied retroactively to carry out their legislative purpose unless to do so violates a vested right or constitutional guarantee. *Id.*

*Hershman* at 3. (quoting *Martin v. State of Indiana*, 774, N.E.2d 43, 44 (Ind.2002) (internal footnote omitted)).

14. Judge Klingeberger further emphasized the well-established rule in Indiana that "'[s]tatutes are to be construed as having a prospective operation unless the language clearly indicates that they were intended to be retrospective.'" *Id*. at 4 (quoting *State of Indiana v. Daley*, 332 N.E.2d 845, 848 (Ind.Ct.App.1975); *see also Indiana Dep't of State Revenue, Inheritance Tax*

*Div. v. Estate of Riggs*, 735 N.Ed.2d 340, 344 (Ind.Tax Ct. 2000) ("'Our courts have observed a strict rule of construction against retrospective operation, and indulge in the presumption that the legislature intended statutes and amendments to operate prospectively only, unless the intention is unequivocally and unambiguously shown . . . by necessary implication.'") (quoting *Turner v. Town of Speedway*, 528 N.E.2d 858, 863 (Ind.Ct.App.1988)).

15. The *Hershman* court also noted the principle under Indiana law that even remedial statutes are not automatically applied retroactively. *Id.* (quoting *State of Indiana v. Pelley*, 828 N.E.2d 915, 919, 920 (2005) ("While statutes addressing merely procedural and remedial matter may be applied retroactively, such application is not required.").

16. Applying these standards to the 2007 Amendment to Indiana Code § 32-21-4-1, Judge Klingeberger concluded that the 2007 Amendment was not intended to cure a defect or mischief that existed in the prior statute and, thus, was not remedial in nature. He explained:

> Indiana courts and federal courts have consistently determined that a recorded document which lacked proper acknowledgement under Indiana law did not provide constructive notice to anyone despite its recordation. This consistent construction of Indiana law did not arise from a defect in any statute, but rather arose from judicial application of the common law to statutes which had been regularly and correctly enacted. The court is unwilling to deem that there was any "mischief" arising from IC 32-21-4-1 prior to the enactment of the 2007 amendment. Again, a consistent application of Indiana law by both Indiana and federal courts establish that there were entirely valid reasons for enforcing the explicit provisions of the statute in terms of its requirements for recording of a document subject to its provisions. The 2007 amendment totally changed Indiana law as determined by these decisions, not in response to any "mischief" created by those decisions, but in a concerted effort to reverse them by legislative enactment.

*Id.* at 6.

17. Judge Klingeberger further concluded that the 2007 Amendment does not express clear intention by the legislature that the change in the law should apply retroactively. In reaching

that conclusion, the court rejected the argument that the 2008 Amendment establishes that the 2007 was intended to apply retroactively. As stated by the court, "[a]n amendment to a previous statute is generally to be construed to be a change in the prior law, rather than a clarification or restatement of the prior law as enacted by a previous statute. *Id*. (citing *United Nat'l Ins. Co. v. Deprizio*, 705 N.E2d 455, 460 (Ind.1999)).

18. Finally, Judge Klingeberger adopted Judge Dees' analysis in *Gysin* of the 2007 Amendment's "plain meaning" and agreed that the amendment, by its express terms, does not apply retroactively. *Id*.

19. Based on the foregoing, the *Hershman* court avoided the mortgage in question pursuant to § 544(a), in favor of the Chapter 7 trustee.

20. Having reviewed the relevant law, including both *Gysin* and *Hershman*, as well as the parties' respective arguments, the Court agrees that the 2007 Amendment does not apply retroactively to mortgages recorded prior to its effective date.

21. In reaching that conclusion, the Court agrees with Judge Klingeburger's reasoning that the 2007 Amendment was not intended to cure a defect or mischief in the prior law. The Court also agrees that the 2007 Amendment does not state an intention to be applied retroactively.

22. In this sense, the Court agrees with Judge Dees that the phrase "is recorded" in subsection (c) is ambiguous, but such ambiguity must be resolved in favor of the Trustee. Indiana case law firmly holds that to be applied retroactively, a statute must *clearly and unequivocally* state that such application was intended. *See Estate of Riggs*, 735 N.Ed.at 344, discussed above. The 2007 Amendment simply does not contain a clear and unequivocal statement that it was intended to apply retroactively.

23. Contrary to the Bank's argument, the 2008 Amendment does not support a different conclusion. Even assuming the 2008 Amendment better articulates the result the Indiana legislature intended the 2007 Amendment to have, the fact remains that the version of Indiana Code § 32-21-4-1 in effect *as of the petition date* did not expressly apply retroactively. In the Court's position, that fact is fatal to the Bank's position.

24. Based on the foregoing, the Court concludes that the 2007 Amendment does not apply retroactively. As such, the Trustee is entitled to a judgment avoiding the Mortgage under 11 U.S.C. § 544(a)(3) as a matter of law.

25. The Court will issue a Judgment Order consistent with these Findings of Fact and Conclusions of Law contemporaneously herewith.

###

Distribution:

Mark R. Galliher
Richard E. Boston
UST